### Lee Etheridge v. The State.

#### No. 3426.   Decided February 10, 1915.

#### Rehearing denied March 3, 1915.

**1.—Perjury — Jurisdiction — Complaint — Information — Justice Court — County Court—Indictment.**

Where defendant was charged by complaint in the Justice Court for gaming, was convicted and appealed to the County Court, where, by agreement with the State, a new complaint was filed and the case tried thereon, and the filing of an information was waived by defendant's counsel, and by agreement the case was tried by a jury of five, the alleged false testimony of the defendant was such as to form the basis for a prosecution of perjury, and the indictment was sufficient in alleging that defendant was charged and tried in said County Court for said gaming by complaint, and it was not essential as far as the charge of perjury was concerned that the information be filed in said County Court.  Following Anderson v. State, 24 Texas Crim. App., 705, and other cases.  Davidson, Judge, dissenting.

**2.—Same—Jurisdiction—Complaint—Information—Perjury.**

Where defendant gave the alleged false testimony upon which perjury was based in the County Court on a case of gaming, which had been appealed from the Justice Court on complaint, and a new complaint was filed in said County Court upon which the case was tried by agreement, and the filing of an information waived, the said County Court had jurisdiction of defendant's person and of said offense, and such trial was not void, and defendant can be legally convicted of perjury or false testimony in said trial.  Distinguishing Emery v. State, 57 Texas Crim. Rep., 423.  Davidson, Judge, dissenting.

**3.—Same—Bills of Exception—Practice on Appeal.**

Where appellant's bills of exception regarding certain questions asked witnesses were totally defective, they can not be considered on appeal.  Following James v. State, 63 Texas Crim. Rep., 75, and other cases.

**4.—Same—Former Acquittal—Complaint—Jurisdiction—Rule Stated.**

The rule is that where the accused is tried and acquitted, although the indictment may be defective, he can not be again placed on trial for the same offense, and where a complaint was filed in the County Court, even if it were necessary that an information should have been filed, the fact that none was filed did not deprive the County Court of the jurisdiction of the case conferred by filing of the complaint, and if defendant had been acquitted, the plea of former acquittal would have been good, and, therefore, perjury could be based upon the alleged false testimony by the defendant in said County Court upon said complaint. Following U. S. v. Ball, 163 U. S., 662. Davidson, Judge, dissenting.

Appeal from the District Court of Travis. Tried below before the Hon. Geo. Calhoun.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Faulk & Parker,* for appellant.—On question that all offenses must be prosecuted either by indictment or information: Garza v. State, 11 Texas Crim. App., 410; Kinley v. State, 29 id., 532; Leal v. State, 51 Texas Crim. Rep., 425; Baker v. State, 54 id., 52; Sponberg v. State, 60 id., 168; Etheridge v. State, recently decided.

On question that County Court had no authority to try the case without an information: Calvin v. State, 25 Texas, 789; Drummond v. State, 4 Texas Crim. App., 150; McDuff v. State, 4 id., 58; Rainey ·v. State, 19 id., 479; Mapes v. State, 13 id., 85; Etheridge v. State, recently decided; Ogle v. State, 43 Texas Crim. Rep., 219; Emery v. State, 57 id., 423; Baker v. State, 54 id., 52; Wilson v. State, 27 Texas Crim. App., 47; Lott v. State, 18 id., 627.

On question that County Court had no jurisdiction and the testimony therein could not form basis for perjury: Ogle v. State, 43 Texas Crim. Rep., 219; Emery v. State, 57 id., 423; Wilson v. State, 27 Texas Crim. App., 47; Ross v. State, 106 S. W. Rep., 340.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of jurisdiction and basis for perjury: Anderson v. State, 24 Texas Crim. App., 705; Cordway v. State, 25 id., 405; Smith v. State, 31 Texas Crim. Rep., 315; Kelley v. State, 51 id., 507; Schooler v. State, 52 id., 331.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of perjury and assessed the lowest punishment.

1. Perjury is assigned on alleged materially false testimony given by appellant on his own trial in the County Court, wherein he was charged with unlawfully, etc., betting and wagering at a game played with dice, towit, craps. This court on January 6, 1915, reversed that case because no information was preferred, based on the complaint therein,—holding that an information was essential, that he could not waive the information and by agreement be tried legally in an original

proceeding in the County Court on the complaint only. (Lee Etheridge v. State, 172 S. W. Rep., 784; James Etheridge v. State, 172 S. W. Rep., 786. This writer dissented in those cases.)

The record in appellant's case, supra, clearly and conclusively showed that he made no objection whatever at the time to being tried on the complaint only and without an information. In fact, it shows he was already voluntarily in court, and that it was at his and his attorney's special instance and express agreement and waiver, he was then tried on the complaint only, which was, at the time, read to the court and jury and he then and there plead not guilty thereto. And that it was only after his conviction therein he raised any question or objection to the legality of his trial, and that he did so then by a motion in arrest of judgment only, because no information had been filed.

2. The indictment herein conforms to the statute and the approved forms thereunder, alleging, however, with all the other requisites, that in said County Court case he "was duly charged by *complaint* with" said gaming offense. It did not allege that he was charged therein by information, nor by complaint and information, nor by indictment. So far as the validity of the indictment is concerned, it was sufficient for it to allege he was charged and tried in said County Court case for said gaming offense "by complaint." It was not essential to its validity that it should allege he was charged in said County Court case "by information," nor "by complaint and information," nor by indictment, for upon an appeal to the County Court from a Justice Court conviction when trial was had on a complaint only, a perfectly valid trial could be had in the County Court, without any information. (Ex parte Morales, 53 S. W. Rep., 107; Ex parte Nitsche, 170 S. W. Rep., 1101.) So that the trial court did not err in overruling appellant's motion to quash the indictment herein. (Powers v. State, 17 Texas Crim. App., 478.)

3. On the trial of this case the uncontroverted testimony showed that appellant, and his brother, said James, were tried and convicted separately in the Justice Court, precinct No. 2, of said county, at Manor, for said gaming offense on a complaint only, from which they respectively appealed to the County Court. That when these appealed cases were called on Monday in the County Court for setting, all the witnesses, a large number, who had been duly summoned, were present. Both cases were then set for trial for the next day, Tuesday, and the witnesses then notified to attend the trial that next day, which they did.

Mr. Shelton, the county attorney, who was in no way disputed, testified: "The morning the cases against Lee Etheridge and Jim Etheridge were called for trial in the County Court they were called on the complaints originally made in the Justice Court at Manor, on which they were tried and convicted and appealed to the County Court. When I examined those complaints that came up from Manor, I found that they were both defective, and told the court that I would file a motion to dismiss both of those cases, but that I would immediately file new complaints against them in the County Court. It was stated at the time

that, as the complaints were just filed, the cases would necessarily be continued until the January term of court, on account of the defendants being entitled to their three days after filing before trial. Mr. Faulk, their attorney, then stated to me in the presence of both of the defendants that he was willing to waive the three days and the filing of informations and go to trial. I filed the complaints, and after they had been filed Mr. Faulk called for the witnesses to be recognized. Mr. Johnson, the deputy clerk, was preparing a subpoena, at my request. The reason I wanted the subpoena issued was that I wanted the officers of the court to be entitled to their fees, and when Mr. Faulk called the witnesses around to be recognized I asked Mr. Jester and Mr. Barbisch, both being deputy sheriffs, who were standing there, to at once summon the witnesses, so the sheriff would be entitled to his fees in case of conviction. We were selecting a jury in the case against Jim Etheridge, and there were only five jurors selected out of the jury for the week, and Mr. Faulk said, 'We are willing to try the case with five jurors,' and then said, 'As the testimony in both cases is practically the same, to save the witnesses from coming back we can try both cases at the same time,' which I agreed to." Both cases were tried together in the County Court.

Mr. Shelton further testified that when the appealed cases were called for trial Tuesday morning and he discovered the defective complaints from the Justice Court, he said: "As I remember it, I was standing at one corner of the judge's desk in the courtroom at that time, and Mr. Faulk was standing close to me, and the defendants, Lee Etheridge and Jim Etheridge, were sitting in chairs just inside the railing. As to whether I asked Mr. Faulk to agree for me to substitute corrected complaints for the defective complaints, I stated to him that unless he would agree for me to substitute corrected complaints I would have to dismiss the cases."

Judge von Rosenberg, the county judge, testified substantially as did Mr. Shelton. In the cross-examination of him he said. "Mr. Faulk may have told me the real thing he was trying to get rid of was the court costs in the old cases." Both appealed cases were then dismissed, and the new complaints made and the trial thereon at once had in the County Court on appellant's and his attorney's said express waiver and agreement. It was for the false evidence of appellant given on the said trial for which he was convicted of perjury in this case. The evidence was amply sufficient to show, and did show, that appellant's testimony as charged in the indictment herein, was false, etc., as alleged therein.

4. The material question herein is whether or not the said County Court trial was the trial of such a case as that perjury therein could be committed. Appellant earnestly contends that because no information was filed on said complaint, and said trial was had on a complaint only, the pretended trial was utterly void, and in fact no trial whatever; that even if he gave materially false testimony on the pretended trial, he is not guilty of perjury and can not be convicted therefor. The

State, by her Assistant Attorney General, as earnestly contends the reverse.

We will now discuss said question. We think this exact question, in principle, has been expressly decided by this court against appellant, in Anderson v. State, 24 Texas Crim. App., 705. That case was tried in the court below before the Hon. F. A. Williams, then one of our district judges, but afterwards, so long one of the most eminent and able Justices of our Supreme Court, who in every way sustained that conviction. The opinion of this court therein was rendered by the equally eminent and great Judge Hurt, so long the Presiding Judge of this court.

In said Anderson case it is shown that one Green was prosecuted before a justice of the peace for unlawfully carrying a pistol, in effect, by information only, without any complaint. For Judge Hurt says:

"There is evidence in the record strongly tending to prove that the complaint was not sworn to. This being the case, it is insisted that the court should have instructed the jury that, if they had a reasonable doubt as to whether the complaint was sworn to, they should acquit the defendant. Concede the fact that the complaint was not sworn to, does it follow that defendant could not commit perjury upon the trial under such complaint? There is no question as to the jurisdiction of the justice to hear and determine the cause then before the court. The court had jurisdiction of the offense, the subject matter of litigation. But appellant insists that the jurisdiction had never attached in that case, and hence there was no authority in the justice to swear the defendant, and, therefore, no perjury." And he treated and decided the case, as if the complaint was not sworn to, as Judge Williams had done in the trial court. Of course, a complaint not sworn to is no complaint whatever, and is void as a pleading, and can not be the basis for a prosecution either with or without an information. (C. C. P., arts. 268-269, 479, 972; Scott v. State, 9 Texas Crim. App., 434; Morris v. State, 2 Texas Crim. App., 502; Dishongh v. State, 4 Texas Crim. App., 158; Robertson v. State, 25 Texas Crim. App., 529; Nieman v. State, 29 Texas Crim. App., 360; Jennings v. State, 30 Texas Crim. App., 428, and many other cases.) Anderson testified falsely in said Green's pistol case, so as to commit perjury, if perjury could be committed in the trial of such a case without a complaint, and was indicted therefor. He contended the perjury charge against him could not be maintained under said circumstances. Judge Hurt then shows his contention was correct at common law, but not so under our Constitution and laws. He quoted section 14, article 1, of our Constitution, which is: "No person for the same offense shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction," and said: "It frequently occurs that an accused is placed upon trial for an offense before a court of competent jurisdiction upon indictments vicious in substance, and that long and tedious trials are had, resulting in verdicts of acquittal, was it not the intention of the Constitution to say to the

State that the accused shall not be tried again for the same offense though the indictment was in substance insufficient? After a most thorough examination of this subject, we are of the opinion that this was the intention of the framers of the Constitution. . . . Let us suppose that the indictment charging the theft of a bay horse, the property of B, fails to allege that it was fraudulently taken, or that it was taken without the consent of the owner, or fails to allege that the accused took the property with the intent to deprive the owner of the value, etc. If the accused is acquitted, he can plead this acquittal in bar of another prosecution under a good and sufficient indictment—one which charges him with the theft of the same bay horse, the property of B, on an indictment containing all the elements of theft of property alleged.

"If, therefore, the accused can be acquitted under a bad indictment information or complaint, the court having jurisdiction of the cause of action—the offense—and this acquittal can be successfully pleaded to a second prosecution, may not a witness be guilty of perjury for false swearing upon the trial, though the jurisdiction of the court may not have lawfully attached? For, if the court has jurisdiction of the offense—the subject matter—and a trial results in a verdict of not guilty, the State is forever debarred from another prosecution for the same offense; and the false testimony of a witness may, and no doubt would, in many cases, contribute to an acquittal, and thus defeat the ends of justice.

"Just here let us give another illustration. All prosecutions originating in the County Court must be presented by information, and the information must have for its support a complaint verified by the affidavit of some credible person. Now, let us suppose the accused is placed upon trial upon a good information, and is convicted and fined one hundred dollars. He pays his fine and is discharged. Afterwards it is discovered that there was no complaint. Now, then, the jurisdiction of the County Court had not properly attached, and yet the accused has been tried upon a good information before a court of competent jurisdiction. Will it be contended that because there was no complaint, a witness who swears falsely, deliberately, wilfully and intentionally can not, and should not, be convicted of perjury when it may be that the accused was convicted solely upon his false testimony? We should hesitate long before we would sanction such a doctrine. But, suppose the accused be acquitted by verdict of not guilty, this would be a bar to another prosecution, when it may be that this verdict was obtained by the false testimony of a witness who, if we are wrong in our views upon this subject, is beyond the reach of the penal laws of this State. To this we can not agree.

"Concede that the jurisdiction of the court had not properly attached to the particular case, yet there was a trial before a court of competent jurisdiction, upon a charge of an offense, and, though not properly before the court, its adjudication, if resulting in a verdict of not guilty,

has such force and effect as will enable the accused to plead that the matter was res adjudicata, plead this trial before a court of competent jurisdiction and verdict of not guilty in bar of another prosecution. The judgment in such a case would not be a nullity as to both the State and the accused, for, while the State would be bound by it, the accused, if convicted, would not. The State being bound by such a judgment, by reason of such a trial and verdict, we are clearly of the opinion that a witness swearing falsely upon such a trial would be guilty of perjury." See also Mixon v. State, 35 Texas Crim. Rep., 458.

This Anderson case has never been questioned, modified or overruled, but many times cited with approval by our decisions. It was specially cited with approval and the same doctrine held by the Supreme Court of Iowa in State v. Brown, 128 Iowa, 24.

Again: In Cordway v. State, 25 Texas Crim. App., 405, it was shown that one Coy was extradited from Mexico to our State to be tried for the murder of Elder. He was afterwards indicted for the murder of Jackson, for which he was not extradited. Cordway was indicted for perjury for false testimony given by him in Coy's trial for the murder of Jackson. That trial resulted in a mistrial. Coy, in that trial, did not interpose any plea or object to the jurisdiction of the court, but afterwards sued out habeas corpus and was discharged thereunder, because, and it was held, the court had no jurisdiction to try him for the Jackson murder. Cordway thereupon contended that as the court had no jurisdiction to try Coy for the murder of Jackson, he could not commit legal perjury on that trial. Judge Davidson was then Assistant Attorney General, and briefed the case. This court, through Judge Willson, said:

"In an able and exhaustive brief by the Assistant Attorney General this proposition is, we think, successfully and .conclusively answered. We shall not enter upon an extended discussion of the question, but merely state our conclusions upon it, which, we think, are well supported by both reason and authority. Our conclusions are:

"1.  The District Court of Wilson County had jurisdiction of the subject matter of prosecution against Coy; that is, the offense of murder.

"2.  It did not have jurisdiction over his person to try him for said murder, because he had not been extradited for that particular murder.

"3.  Jurisdiction over the person, unlike jurisdiction over the subject matter, is a matter with respect to which only the person over whom the jurisdiction is being or sought to be exercised has or can have any concern. It can be denied or objected to by no one else. It may be waived by him, as he may waive any other right except that of trial by jury in a felony case.

"4.  If such person submits to the jurisdiction of the court over his person; if he makes no objection to being tried by the court he waives his privilege, whatsoever it may be, and so long as he does not assert such privilege and challenge such jurisdiction, the court may proceed legally to try him, and in such case the proceedings had against him are

not void, but in any event are merely voidable, and voidable only at the instance of the person entitled to the privilege, and can not be called in question by any other person.

"We hold, therefore, that the trial of Coy for the murder of Jackson, upon which trial the alleged perjury was committed, was a legal and not a void proceeding, and that the court in which said trial was had was a court of competent jurisdiction for all the purposes of this case."

Again: In Smith v. State, 31 Texas Crim. Rep., 315, it was shown that Smith gave false testimony in the trial of his own case in the Justice Court, wherein he was tried for "betting at a game of craps" and duly indicted for perjury committed therein. He claimed the Justice Court trial was void and he could not commit perjury therein because the jury was not sworn. The court, through Judge Hurt, said:

"We are not to be understood as holding that perjury could not be committed in a judicial proceeding under any circumstances, unless the court had acquired jurisdiction of the person of defendant. In this case the jury was selected, but was not sworn as the law directs. Upon the trial before the court with such a jury, could perjury be committed, though the false testimony would be perjury if the jury had been legally sworn? Perjury is a false statement, either written or verbal, deliberately and wilfully made, relating to something past or present, under the sanction of an oath, where such oath is legally administered under circumstances in which an oath is required by law, or is necessary for the prosecution or defense of any private right, or for the ends of public justice. An oath, legally taken in any stage of a judicial proceeding, civil or criminal, in or out of court, or before a grand jury, is included in the description of this offense. Now, it is contended, too, that until the jury be legally sworn the oath is not required by law, and is therefore not legally taken; in other words, the objection of appellant is that all of the proceedings must be regular up to the time the oath is taken in order for the oath to be legally taken. We can not agree to such a proposition. The effect would be fatal to a great many prosecutions for perjury if the proposition was extended to its legitimate consequences.

"The correct rule seems to be, that if the court has jurisdiction of the subject matter of the suit, and the oath is required by law, irregularities in the proceedings will not prevent perjury.

"In the State v. Hall, 7 Blackford, 25, a trial was had before a court and jury of six men. Hall testified in the case, and his evidence was assigned as perjury. It was urged there was no perjury, because the case was tried before a jury of six men, and that a trial by a jury of six men in such a case was wholly unauthorized by law, and that the proceedings were therefore illegal and void. To this the Supreme Court replied: 'Where the false swearing was in the course of a judicial proceeding, we do not think it essential to the commission of the offense of perjury that all the proceedings on the trial should be strictly regular. It is essential, however, that the court have jurisdiction of the subject matter, and power to administer an oath to the witness.' See, also,

State v. Lavally, 9 Mo., 834; Anderson v. State, 20 Texas Crim. App., 312. Let us suppose that the accused had been acquitted by an unsworn jury, would the acquittal bar another prosecution for the same offense? We think so." This case was cited and approved in Manning v. State, 46 Texas Crim. Rep., 326, and other cases to the same effect cited with approval. To the same effect is Schooler v. State, 52 Texas Crim. Rep., 331, citing, among others, said Anderson and Cordway cases, supra.

Again: In Kelly v. State, 51 Texas Crim. Rep., 507, where Kelly was indicted for perjury committed in the trial of a local option case under a fatally defective information, this court, through Judge Henderson, said: "The question thus presented is, can perjury be predicated on an information that is defective? Unquestionably an acquittal on such information would be a bar to any subsequent prosecution on account of the same offense, and the authorities hold that where the court has jurisdiction, and the indictment is irregular, but the case is tried, perjury can be committed on the trial. See Smith v. State, 31 Texas Crim. Rep., 315; Anderson v. State, 24 Texas Crim. App., 705, and Cordway v. State, 25 Texas Crim. Rep., 405, and it is held that where an indictment may be held void, still perjury can be committed on the trial under such indictment. See State v. Rowell, 72 Vt., 28, 82 Am. St. Rep., 918, and Stave v. Brown, 68 N. H., 200. We accordingly hold that notwithstanding the defect in the information that the testimony of appellant on the trial of said case, being false, affords the predicate for a charge of perjury."

There can be no question but that the County Court in said gaming case against appellant-had jurisdiction of his person and of said offense, and such trial was not void, and that he could legally be convicted for perjury committed in the trial thereof.

We have carefully considered appellant's brief herein and the authorities cited therein. We regard the cases cited as inapplicable. In the case of Emery v. State, 57 Texas Crim. Rep., 423, specially relied on, it was conclusively shown that the party on trial for a felony when the false testimony was given by appellant therein was absent, and that the court had no jurisdiction of his person. The reverse of that was true in this case. Herein he was not only present but voluntarily gave such testimony if the jury had believed would have secured his acquittal, and it was for his false testimony therein he was convicted of perjury. The court unquestionably had jurisdiction of his person. Hence the Emery case is inapplicable.

5. The State objects to this court's consideration of appellant's bills 4 and 5 regarding certain questions asked two witnesses, because they are wholly insufficient. The State's objections are well taken and said bills can not be considered under all the authorities. James v. State, 63 Texas Crim. Rep., 75; Conger v. State, 63 Texas Crim. Rep., 312; Best v. State, 72 Texas Crim. Rep., 201, 164 S. W. Rep., 996. But even if considered, they show no error.

The judgment will be affirmed.          *Affirmed.*

DAVIDSON, JUDGE, dissenting.

[Rehearing refused March 3, 1915.—Reporter.]

HARPER, JUDGE.—Whether or not a prosecution can be maintained under the record in this case, correctly stated in Presiding Judge Prendergast's opinion, was a question of no little difficulty to the writer. If the jurisdiction of the County Court had not attached, of course the proceedings would be void, and if void, no prosecution for perjury would lie. If there had been neither a complaint nor information, to our minds there would be no question that appellant's contention that the jurisdiction of the County Court had not been invoked would be sound. But in this case, on appeal from Justice Court, the complaint was quashed, and a new complaint filed. This new complaint was a necessary step to confer jurisdiction on the County Court, but when filed, and appellant appeared and plead thereto, the County Court had jurisdiction to make any and all necessary orders authorized by law. Had appellant moved to quash the complaint (before the filing of the information) the County Court could have entertained jurisdiction and acted thereon, and we are of ·the opinion that by the steps taken jurisdiction of the case was conferred on the County Court. The first step required by law to be taken in all cases in County Court had been taken, and appellant appeared and answered thereto. It is true no legal *conviction* could be had until an information had been filed based on the complaint, because the law requires an information to be filed, but the fact that no information had been filed did not deprive the County Court of the jurisdiction of the cause conferred by the filing of the complaint. In the recent case of Lee Etheridge, out of which this prosecution for perjury grew, the cause was reversed and remanded because no information had been filed, but the county attorney can still file an information on the original complaint, and proceed with the prosecution of the case. If the jurisdiction of the County Court had not been invoked by the filing of the complaint, this court would have reversed and dismissed, because it is only where the trial court has jurisdiction of the matter that the cause is remanded to that court. The jurisdiction of the County Court having been invoked by the filing of the complaint, and appellant appearing and answering thereto, the proceedings had thereafter were not void but only erroneous, or voidable at the instance of appellant. If appellant had been acquitted on that trial, the county attorney could not legally have instituted another prosecution—a plea of former acquittal would have been good. Not only do the authorities in this State, cited by Presiding Judge Prendergast, so hold, but in an exhaustive opinion rendered by the Supreme Court of the United States in the case of Ball v. United States, 163 U. S., 662, it is so held. In that case the facts show three men were indicted for murder, and were tried; one, Millard F. Ball, was acquitted. J. C. Ball and Boutwell were found guilty. J. C. Ball and Boutwell appealed the

case, and it was reversed and dismissed on account of defect in the indictment. They were all three reindicted and again tried, Millard F. Ball pleading former acquittal, which had been had on a defective indictment. The trial court overruled the plea, but the United States Supreme Court holds the plea good, and reverses the case as to Millard F. Ball, and the reasoning therein to us appears sound. It says: "The Constitution of the United States, in the Fifth Amendment, declares: 'Nor shall any person be subject to be twice put in jeopardy of life or limb.' The prohibition is not against being twice punished, but against being twice put in jeopardy; and the accused, whether convicted or acquitted, is equally put in jeopardy at the first trial. An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense. Com. v. Peters, 12 Met., 387; 2 Hawk. P. C., chap. 35, sec. 3; 1 Bishop, Crim. Law, sec. 1028. But although the indictment was fatally defective, yet, if the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable by writ of error; and, until so avoided, can not be collaterally impeached. If the judgment is upon a verdict of guilty, and unreserved, it stands good, and warrants the punishment of the defendant accordingly, and he could not be discharged by writ of habeas corpus. Ex parte Parks, 93 U. S., 18 (23:787). If the judgment is upon an acquittal, the defendant, indeed, will not seek to have it reversed, and the government can not. United States v. Sanges, 144 U. S., 310 (36:446)."

Appellant answered ready for trial and voluntarily took the stand and testified in the hope he would secure an acquittal, and if he had done so it would have been final. If he had been convicted and did not appeal therefrom, it would have been final. He and he alone could attack the judgment, whatever it might have been. He took his chances on securing an acquittal, and if he had been acquitted, of course no appeal could have been had, and the judgment would have been final; and in that state of case, if someone other than appellant had been prosecuted for perjury on account of testimony given on that trial, would it be held that such person would be allowed to go behind the judgment, collaterally attack it, and show that it had been erroneously obtained? We think not. If not, then such judgment would not be void, but voidable only, and if only erroneous proceedings were had (but not void) an indictment for perjury will lie, and we agree to the affirmance of the case.

DAVIDSON, Judge.—This opinion is in direct conflict with the cases of Etheridge v. State, Nos. 3364 and 3365, recently decided, in which Judge Harper concurred and Presiding Judge Prendergast dissented. Concurring in that case Judge Harper cites cases showing want of jurisdiction in County Court where no information had been filed. That the County Court was without jurisdiction is not debatable under the Constitution, statutes and decisions. I may write later and collate

authorities, but it would be of no value if what has been written is to be ignored. We can not now tell what a day may bring forth.