### LOGAN v. STATE.    (No. 8251.)

(Court of Criminal Appeals of Texas. Jan. 30, 1924. Rehearing Denied March 5, 1924.)

**1. Perjury ⊙⇒32(1)—Statements to county attorney held admissible as evidence of similar statements before grand jury.**

In a prosecution for perjury consisting of false statements made before the grand jury, testimony of the county attorney that defendant came to his office just prior to the time he testified before the grand jury, and made and swore to a written statement as to the same matters to which he testified before the grand jury, held admissible as persuasive of the fact of such subsequent statement, though made in connection with the investigation of another case.

**2. Perjury ⊙⇒32(8)—Admission of testimony of statements made by defendant held not error.**

In a prosecution for perjury consisting of false statements by defendant to the grand jury that he had purchased liquor from a particular person, the admission of testimony that defendant had subsequently stated to a witness that he purchased no liquor from that person held not error; the same witness and others having also testified that they heard defendant, while testifying at the trial of the person charged with such sale, deny any purchase from him.

**3. Indictment and information ⊙⇒169—Testimony as to condition of defendant's mine held not admissible where no plea of insanity.**

In a prosecution for perjury, refusal of the court to permit defendant to ask a witness if he knew the condition of defendant's mind held not error; there being no plea of insanity.

On Motion for Rehearing.

**4. Perjury ⊙⇒24—Indictment held not defective.**

An indictment for perjury, in that defendant falsely testified before the grand jury that he "did buy a quart of whisky from R. A. * * * in the presence of J. S.," held not defective on the ground that the latter allegation was immaterial and invalidated it.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Perjury 29(2)—Conviction sustained if material assignments supported by proof.**

When more than one assignment is laid in a perjury charge, those not material or not proven will be rejected and conviction sustained if material elements appear and are supported by proof.

**6. Perjury 11(2)—May be assigned on false testimony only collaterally material.**

Under Pen. Code 1911, art. 309, perjury may be assigned on false testimony as to facts which are collaterally, remotely, or circumstantially material, and a statement as to persons present when a given event took place may be of great materiality.

Appeal from District Court, Polk County; J. L. Manry, Judge.

Lee Logan was convicted of perjury, and he appeals. Affirmed.

S. F. Hill, of Livingston, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Polk county of perjury, and his punishment fixed at two years in the penitentiary.

Appellant was indicted for giving false testimony before the grand jury in its investigation of a charge against one Ash for the illegal sale of liquor. It was in proof by a number of witnesses that appellant went before the grand jury and testified that Ash at a certain date did sell to him intoxicating liquors, and that one Smithers was present at the time. It was also shown as a predicate for his appearance before the grand jury that appellant made a statement in writing to the county attorney, in which he made substantially the same statement that he made before the grand jury. Witnesses testified that after Ash was indicted appellant appeared as a witness on the trial and swore that Ash did not at any time sell him any liquor. Ash testified that he at no time sold appellant any intoxicating liquor. The man Smithers, claimed by appellant when before the grand jury to have been present at the sale of liquor by Ash to him, testified for the state upon the instant trial that he never was present on any occasion when Ash sold any liquor to appellant. The conviction followed.

[1] There are six bills of exception, the first of which complains of the testimony of the county attorney that appellant came to his office with two other men just prior to the time he testified before the grand jury and made a written statement and swore to it, in which he stated that he purchased intoxicating liquor from Ash and a man named Evans. The bill of exceptions shows that the only objections offered by appellant were that this was an ex parte affidavit made about another case then under investigation, and that same was not a confession. Neither of these objections, as stated by appellant's attorney when the evidence was offered, appear in any way substantiated in the bill. We are relegated to the facts and objections stated in the bill in determining the error complained of. If the statement had been made before the county attorney when another case was under investigation, we are unable to perceive how it would not be admissible as persuasive of the fact that appellant made the same statement shortly thereafter before the grand jury. We think the bill of exceptions presents no error.

[2, 3] We have considered each of the other five bills of exception, but have found nothing in any of them that seems to call for discussion on our part. One Keen was permitted to testify that he had a conversation with appellant on the morning of the trial and that appellant told him then that Ash had not sold any liquor to him. This same witness testified that when Ash was on trial on a charge of selling liquor to appellant he heard appellant testify that he had not purchased liquor from Ash. The witness Close was permitted to testify that he was present and heard appellant testify the same thing. Another bill is to the refusal of the court to permit appellant to ask a witness if he knew the condition of defendant's mind. There was no plea of insanity.

No error appearing in the record, the judgment of the trial court will be in all things affirmed.

On Motion for Rehearing.

[4] In his motion appellant sets up that the indictment is fatally defective in that it alleges that appellant testified before the grand jury that he "did buy a quart of whisky from Robert Ash * * * in the presence of Johnny Smithers," the proposition being that the latter allegation was immaterial and invalidated the indictment. We do not think so. Reference to the indictment discloses that it is alleged that it became and was "a material inquiry before said grand jury * * * whether * * * Robert Ash had * * * unlawfully sold to Lee Logan * * * intoxicating liquor," and that Logan did state and testify before the grand jury that he did buy a quart of whisky from Robert Ash, in the presence of Johnny Smithers, which testimony was material to the inquiry, and which was false, etc.

[5, 6] It is the rule that when more than one assignment is laid in a perjury charge, those not material or not proven will be rejected and still a conviction be upheld if material assignments appear and are supported by proof. It is also the rule that perjury may be assigned on false testimony as to facts which are collaterally, remotely, or cir-

cumstantially material; the extent of the materiality not affecting the question. Our statute, article 309, P. C., denies the commission of perjury only when the statement is "wholly immaterial." A statement as to persons who are present when a given event takes place may be of the greatest materiality. We have examined the cases of Butler v. State, 36 Tex. Cr. R. 483, 38 S. W. 47, and Baird v. State, 54 Tex. Cr. R. 440, 113 S. W. 275, cited in appellant's motion; but do not find them to hold contrary to our views in regard to the admission of evidence of the making of the affidavit before the county attorney. We do not think the issue of a confession vel non raised by said affidavit. Making same by the appellant was but a circumstance, and testimony thereof tended to support the state's claim that appellant swore falsely on the issue before the grand jury, i. e. whether Ash sold liquor to the appellant.

The jury gave appellant the lowest penalty, and there was no plea of insanity nor claim that he was induced by any one to make the alleged false statement. We are not inclined to believe ourselves in error in holding it proper for the trial court to have rejected the testimony of the witness Keen.

No error appearing in the record, the motion will be overruled.