Clifton E. TERRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–89–1015–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 21, 1990.

Discretionary Review Refused
March 6, 1991.

Richard H. Cobb, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and SEARS, JJ.

## OPINION

SEARS, Justice.

Appellant was charged by indictment with two counts of aggravated perjury and entered a plea of not guilty before the jury. He was convicted on the second count of the indictment, and the jury assessed pun-ishment at four years' confinement in the Texas Department of Corrections. Based upon the recommendation of the jury, the trial court placed appellant on four years' probation. In three points of error, appellant alleges violations of his constitutional rights and challenges the sufficiency of the evidence establishing the materiality of the statement assigned as perjury. We affirm.

This case arises from testimony given at a pretrial motion hearing in the 183rd District Court of Harris County on February 4, 1988. The hearing was held on the defendant's motion to discover the name of a confidential informant in a case styled *The State of Texas v. Jonathan Wayne Jefferson*. Appellant, who was a Houston Police Officer at the time, was subpoenaed to attend the hearing and was called as a witness by the defense. Appellant was not Mirandized prior to testifying, and he was not represented by counsel at the hearing. Appellant's testimony at the hearing pertained to the details of the drug bust which had led to the arrest of Jonathan Wayne Jefferson. In the course of the hearing, appellant testified that he had personally recovered a package containing cocaine from under the seat of a pickup truck in which Jefferson had been an occupant. This testimony by appellant was false.

Appellant was subsequently indicted by a grand jury on two counts of aggravated perjury. On the first day of appellant's trial on the perjury charges, the state offered the transcript of the motion hearing into evidence as State's Exhibit 1, and the transcript was admitted without objection. On the fourth day of trial, after the state had concluded its case-in-chief, appellant's trial counsel made a motion to exclude State's Exhibit 1 from evidence on constitutional grounds. The trial court denied the motion. No hearing or opportunity to make a bill of exceptions was requested.

■ In his first point of error, appellant contends that the trial court erred in denying his motion to exclude State's Exhibit 1, the transcript of the motion hearing. Specifically, appellant contends that the transcript of the hearing should have been excluded from evidence, because it contained

the results of a custodial interrogation conducted in violation of appellant's rights under the fifth and fourteenth amendments of the United States Constitution and article I, § 10 of the Texas Constitution. For the reasons discussed below, we conclude that appellant has failed to preserve any error on this point.

▆▆▆ It is fundamental that an error regarding the admission of evidence is not preserved for appellate review absent a timely objection identifying the evidence complained of and setting forth the specific grounds for the objection. *E.g., Cisneros v. State,* 692 S.W.2d 78, 82–83 (Tex.Crim. App.1985); *see* Tex.R.App.P. 52(a). The threshold question which must be addressed in this point of error is whether appellant's objection to State's Exhibit 1 was timely. To be considered timely, an objection to the admission of evidence must be made at the earliest opportunity. *E.g., Stevens v. State,* 671 S.W.2d 517, 521 (Tex. Crim.App.1984). Thus, an objection to the admission of evidence must normally be made at the time the evidence is offered. *E.g., Wilson v. State,* 511 S.W.2d 531, 532 (Tex.Crim.App.1974). Where counsel fails to object to evidence when it is offered, he must show good reason for his failure, or the matter is waived. *E.g., Patterson v. State,* 509 S.W.2d 857, 860 (Tex.Crim.App. 1974).

In this case, State's Exhibit 1 was offered into evidence immediately after the state concluded its opening statement on the first day of appellant's trial. Appellant's counsel informed the trial judge that he had "no objections" to the exhibit, and it was admitted into evidence. On the fourth day of trial, after the state had rested its case-in-chief, appellant's counsel made a motion to exclude State's Exhibit 1 from evidence. In making his motion, appellant's counsel explained his failure to object to the exhibit when it was offered as follows:

> It has become evident during this trial and I will argue to the Court that this is the first time that I knew that the hearing on ... the motion to produce the name of the confidential informant was,

in fact, not for that purpose but was for the purpose of soliciting testimony on the Denny's arrest from Clifton Terrell. It has become abundantly clear from the testimony that [the hearing] was at the instance of Mr. Lindeman and the Defense lawyer in the case solely for the purpose of having Mr. Clifton Terrell testify.

The record in this case is devoid of any evidence to support counsel's bare assertion that the fourth day of trial was the "first time" he became aware of the facts underlying his objection to State's Exhibit 1. Moreover, the statement of facts in this case reveals that counsel was fully aware of such facts on the first day of trial. In his opening statement on the first day of trial, appellant's counsel twice referred to the proceeding in question as a "staged hearing" and repeatedly intimated to the jury that the hearing had been the culmination of a "cooperative deal" between the district attorney's office and the other defense attorney.

Appellant has failed to show good reason for his failure to object to State's Exhibit 1 when it was offered into evidence. It is clear that appellant's counsel knew of the grounds for his objection in advance but failed to make his objection at the first available opportunity. Under these circumstances, the trial court's error in denying appellant's motion to exclude State's Exhibit 1, if any, is not preserved for appellate review. *See, e.g., Patterson v. State,* 509 S.W.2d 857, 860 (Tex.Crim.App.1974); *Watkins v. State,* 411 S.W.2d 364, 365 (Tex. Crim.App.1967). Appellant's first point of error is overruled.

In his second point of error, appellant contends that the trial court erred in denying his motion to exclude State's Exhibit 1, because the transcript of the hearing contained statements elicited in violation of his right to counsel under the sixth and fourteenth amendments to the United States Constitution and article I, § 10 of the Texas Constitution. For the reasons stated in our discussion of appellant's first point of error, we hold that appellant has failed to preserve the error, if any, in the trial

court's denial of his motion to exclude State's Exhibit 1. Appellant's second point of error is overruled.

In his third point of error, appellant challenges the sufficiency of the evidence to support his conviction. Specifically, appellant contends that the evidence is insufficient to establish the materiality of the statement assigned as perjury. In convicting appellant, the jury found that the statement assigned as perjury was material to the issue under inquiry in the pretrial motion hearing. In reviewing the sufficiency of the evidence to support appellant's conviction, this court must view the evidence in the light most favorable to the jury's verdict in determining whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *E.g., Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

To establish aggravated perjury, the state was required to prove that appellant, with intent to deceive and with knowledge of the statement's meaning, made a false statement under oath in connection with an official proceeding, *and* that the false statement was material. *See* TEX.PENAL CODE ANN. §§ 37.02, 37.03 (Vernon 1989). In connection with the offense of aggravated perjury, "[a] statement is material, regardless of the admissibility of the statement under the rules of evidence, if it could have affected the course or outcome of the official proceeding." TEX.PENAL CODE ANN. § 37.04(a) (Vernon 1989). It is no defense to prosecution for aggravated perjury that the declarant mistakenly believed the statement in question to be immaterial. *Id.* at § 37.04(c).

Appellant first argues that the statement assigned as perjury was not material, because it could not have affected the outcome of the pretrial motion hearing. The hearing in question was held on a defendant's motion to discover the name of a confidential informant. The false statement made by appellant consisted of his testimony that he had personally recovered a package of cocaine from a vehicle. Appellant argues that his false testimony was not material and had no bearing on the issue of whether or not the identity of the confidential informant should be disclosed. We do not agree.

A statement is material if it could have affected either the *course or outcome* of the official proceeding. TEX.PENAL CODE ANN. § 37.04(a) (Vernon 1989). The Court of Criminal Appeals has noted that "materiality" refers to statements having some substantial potential for obstructing justice and excludes utterly trivial falsifications. *Mitchell v. State*, 608 S.W.2d 226, 228 (Tex. Crim.App. [Panel Op.] 1980) (citation omitted). Thus, the extent of materiality is not dispositive of the question, and perjury may be assigned on false testimony as to facts which are collaterally, remotely, or circumstantially material. *Logan v. State*, 96 Tex.Crim. 601, 258 S.W. 830, 831–832 (1924).

At appellant's trial, Judge Jay Burnett, who had presided over the pretrial hearing in question, was called as a witness by the state and testified that appellant's false testimony at the hearing *could have* affected the course or outcome of the proceeding. Judge Burnett indicated that if appellant had testified truthfully at the hearing, the charges against the defendant who had requested the hearing would have been dropped immediately. Further, if appellant had testified truthfully at the hearing, instead of testifying in accordance with his offense report, appellant's credibility would have been seriously undermined. Statements made for the purpose of affecting credibility are "material" for purposes of aggravated perjury. *See Mitchell v. State*, 608 S.W.2d 226, 228 (Tex.Crim. App.[Panel Op.] 1980). In addition, a statement as to persons who are present when a given event, such as the discovery of contraband, takes place, although collateral in nature, may be of the greatest materiality. *See Logan v. State*, 96 Tex.Crim. 601, 258 S.W. 830, 832 (1924).

Appellant next argues that his false testimony was not material, because the issue of whether or not to disclose the

identity of the confidential informant had already been decided by a different judge in a co-defendant's case. Initially, we note that this contention is not supported by the record. In addition, the state was not required to prove that appellant's false statement did, in fact, affect the outcome of the hearing. *See* TEX.PENAL CODE ANN. § 37.04(a) (Vernon 1989). Rather, the state was only required to establish that appellant's testimony could have affected the course or outcome of the proceeding. *See id.* In support of his argument, appellant asserts that the hearing at which he testified was held solely for the purpose of interrogating him under oath. This argument overlooks the fact that, despite any ruling which may have been made in the companion case, Judge Burnett was still required to enter a ruling in the case pending before his court.

Judge Burnett testified as to the procedural background of the hearing in his court, and his testimony adequately establishes the propriety of that hearing. At the time of the hearing, Judge Burnett's court had jurisdiction over all matters pertaining to the hearing. The hearing in question was not void, and appellant cannot be heard to complain merely because the issues raised in the hearing could have or should have been disposed of in a different procedural manner. *See Etheridge v. State*, 76 Tex.Crim. 198, 173 S.W. 1031, 1032–1035 (1915).

After reviewing the evidence in the light most favorable to the jury's verdict in this case, we conclude that a rational trier of fact could find beyond a reasonable doubt that the false statement made by appellant was material. Judge Burnett's testimony and the other relevant evidence in the record adequately establishes that appellant's false statement regarding his personal recovery of the cocaine could have affected the course or outcome of the motion hearing. Appellant's third point of error is overruled.

The judgment of conviction is affirmed.