The STATE of Texas, Appellant,

v.

Billy ROSENBAUM, Appellee.

No. A14–90–00616–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 1, 1993.

Jim W. James, Bryan, for appellant.

Dick DeGuerin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION ON REMAND

SEARS, Justice.

Appellee was indicted for felony perjury. A portion of the indictment was later quashed by the trial court. The State appealed, and on original submission we dismissed for want of jurisdiction because the appeal had been brought by an attorney *pro tem* and not by the district attorney as required by TEX.CODE CRIM.PROC.ANN. art. 44.01(d) (Vernon Supp.1993) and *State v. Muller,* 829 S.W.2d 805 (Tex.Crim.App. 1992). *State v. Rosenbaum,* 830 S.W.2d 793 (Tex.App.—Houston [14th Dist.] 1992).

The State filed a petition for discretionary review. The Court of Criminal Appeals reversed our decision, held that an attorney *pro tem "takes the place of* the disqualified district attorney" and assumes "all of the district attorney's powers and duties," and remanded the cause to our Court to address the merits of the State's appeal. *State v. Rosenbaum,* 852 S.W.2d 525 (Tex. Cr.App.1993). Upon review of the State's two points of error, we affirm the order of the trial court.

## FACTUAL HISTORY

Billy Rosenbaum was subpoenaed by the Grand Jury of the 21st District Court in March of 1989. This grand jury was investigating possible criminal violations in the Washington County Sheriff's Office. Rosenbaum was the Sheriff and he testified before this first grand jury. He was questioned as to whether he had given Deputy Bradshaw an opportunity to resign, and Sheriff Rosenbaum responded that he had not. The grand jury indicted Deputy Bradshaw for the offenses of bribery and official oppression.

A second grand jury of the 335th District Court was assembled in June of 1989. This grand jury was also investigating allegations of possible criminal activity in the Washington County Sheriff's Office. Rosenbaum testified before this grand jury and again represented that he had not given Deputy Bradshaw an opportunity to resign. The grand jury determined that Rosenbaum had perjured himself in front of the first grand jury, and returned an indictment against Rosenbaum for misdemeanor perjury.

In September of 1989, a third grand jury was assembled to investigate whether the statements made by Rosenbaum to the second grand jury were false, and if so, if those statements were material to the second grand jury's return of the misdemeanor indictment against Rosenbaum. The third grand jury returned the present, felony indictment for aggravated perjury.

On June 6, 1990, the trial court conducted a pretrial hearing on the Defendant's motion "For Pretrial Determination of Materiality ... and Combined Motion to Dismiss or Quash the Indictment." The Court found that the false statements made by Rosenbaum to the second grand jury were **not** material and that the allegations of materiality in the indictment were to be quashed.

The State brings two points of error, alleging that the trial court acted without authority in holding the pretrial hearing and that the Court erred in deciding that the statement was not material.

## AUTHORITY

■ In its first point of error, the State maintains that the trial court was without

authority to hold a pretrial hearing to determine the materiality of the statement. "A district judge has jurisdiction over criminal matters conferred by virtue of the Texas Constitution." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 898 (Tex.Crim. App.1984). The Court has the power to:

> determine all essential questions 'and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law. A Court's having jurisdiction embraces everything in the case and every question arising which can be determined in the case, until it reaches its termination and the jurisdiction is thereby exhausted.'

*Id.*, citing *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Crim.App.1980). Article 28.01 of the Texas Code of Criminal Procedure provides that the "court may set any criminal case for a pre-trial hearing before it is set for trial." A pre-trial hearing is appropriate to resolve both "pleadings of the defendant" and "exceptions to the form or substance of the indictment." TEX.CODE CRIM.PROC. ANN. art. 28.01 § 1 (Vernon 1989). Article 27.02 provides that a defendant's pleadings are any motions or pleadings that are by law permitted to be filed. A "motion to quash" or "motion to dismiss" can reasonably be regarded as coming within the purview of Article 27.02. *State v. Eaves*, 800 S.W.2d 220, 223 (Tex.Crim.App.1990). The trial court has authority to hear such motions. *Id.*

Further, judicial power embraces "(1) the power to hear facts, (2) the power to decide issues of fact made by the pleadings, (3) *the power to decide questions of law involved*, (4) the power to enter a judgment ... and (5) the power to execute the judgment or sentence." *Kelley v. State*, 676 S.W.2d 104, 107 (Tex.Crim.App.1984) (emphasis added). Materiality is a question of law. TEX.PENAL CODE ANN. § 37.04 (Vernon 1989); *Mitchell v. State*, 608 S.W.2d 226 (Tex.Crim.App.1980); *Smith v. State*, 158 Tex.Crim. 487, 256 S.W.2d 578 (Tex.Crim. App.1952).

In this case, Appellee presented the trial court with a motion in compliance with Article 27.02, which required the Court to determine a question of law. We hold that the trial court had authority both to hold the hearing and to make the legal determination. We overrule the State's first point of error.

■ In its second point of error, the State asserts that the trial court erred in finding that the false statement was not material. In order to convict a defendant of aggravated perjury, the State must prove that the defendant, with intent to deceive and with knowledge of the statement's meaning, made a false statement under oath in connection with an official proceeding, and that the false statement was material. TEX.PENAL CODE ANN. §§ 37.-02, 37.03 (Vernon 1989); *Terrell v. State*, 801 S.W.2d 544, 547 (Tex.App.—Houston [14th Dist.] 1990, pet ref'd). A statement is material if it could have affected the course or outcome of the official proceeding. TEX.PENAL CODE ANN. § 37.04 (Vernon 1989); *Terrell* at 547; *Springer v. State*, 721 S.W.2d 510, 512 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). "Materiality refers to statements having some substantial potential for obstructing justice and excludes utterly trivial falsifications." *Terrell* at 547.

■ Rosenbaum's statements to the second grand jury could not have been material to their investigation, because it could not have affected the outcome of the proceeding. Whether Rosenbaum told the truth, a lie, a half-lie or pled the Fifth, the second grand jury would still have found that he had committed perjury in front of the first grand jury. The second grand jury was restricted to reviewing and analyzing the testimony given before the first grand jury. Therefore, nothing Sheriff Rosenbaum said to the second grand jury could have changed the outcome. We find that the statements made before the second grand jury were not material. We overrule the State's second point of error and affirm the trial court's order.