In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00660-CR

____________


FLOYD KMIEC, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 155th District Court 

Austin County, Texas

Trial Court Cause No. 99R-091






O P I N I O N

 Appellant, Floyd Kmiec, was charged with aggravated perjury and he entered 
a plea of not guilty. The trial court found appellant guilty and assessed punishment
at five years in prison, probated for five years, and a $500 fine. We affirm.


Background

 On May 9, 1999, appellant was arrested and jailed for resisting arrest,
disorderly conduct, public intoxication, and assault. Appellant told the arresting
officer that his name was "Anthony Kmiec." While in jail, appellant continued to use
this name. When appellant posted bond, he used the name, "Tony Kmiec," which is
his brother's name. Appellant also made two court appearances relating to the
resisting arrest charge and signed two case-setting forms using the name, "Tony
Kmiec."

 On September 2, 1999, appellant signed, under oath, a waiver and
admonishment form and entered a guilty plea to the resisting arrest charge using the
name, "Tony Kmiec." This oath required appellant to swear that he had read and
understood the form. The trial court then asked appellant, "Your name is Tony
Kmiec?" Appellant answered in the affirmative. After the court assessed
punishment, the clerk placed appellant under oath. The State proceeded to examine
appellant regarding the dismissal of various related charges. While appellant was
under oath, he stated for the record that his name was "Tony Kmiec."

II. Aggravated Perjury

 In his first point of error, appellant contends that the evidence is legally
insufficient to support his conviction for aggravated perjury. To establish aggravated
perjury, the State is required to prove that appellant, (1) with intent to deceive and (2)
with knowledge of the statement's meaning, (3) made a false statement under oath (4)
that was required or authorized by law to be made under oath, (5) in connection with
an official proceedings, and (6) that the false statement was material. Tex. Penal
Code Ann. §§ 37.02-.03 (Vernon 1994); McCullar v. State, 696 S.W.2d 579, 581
(Tex.Crim.App. 1985). Appellant challenges the legal sufficiency of elements three,
four, and six. He also contends that two of the three allegedly false statements were
not given under oath.

 In reviewing legal sufficiency, we view all the evidence in the light most
favorable to the verdict to determine whether a rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789, (1979). We do not examine the fact-finder's
weighing of the evidence, but merely determine whether there is evidence supporting
the verdict. Clewis v. State, 922 S.W.2d 126, 132 (Tex. Crim. App. 1996).

 A. False Statement

 Under the perjury chapter of the Penal Code, a "statement" is defined as "any
representation of fact." Tex. Penal Code Ann. § 37.01 (Vernon Supp 2002). 
Appellant claims that he did not make a false statement under oath when he stated
that his name was "Tony Kmiec." He argues that "Tony Kmiec" was his alias name,
another name by which he is known, and as such, cannot constitute a false statement. 


 At trial, the State presented evidence that "Tony Kmiec" was not appellant's
alias. Instead, Tony Kmiec is the name of appellant's brother. Tony Kmiec testified
that appellant was not known in their family or in the community as "Tony." On
cross-examination, appellant admitted that he told the police that his name was "Tony
Kmiec" because there were warrants out for his arrest under his real name and he did
not want to go to jail. Appellant presented no evidence that he was known as "Tony
Kmiec." 

 During a bench trial, the trial court is the exclusive judge of the credibility of
the witnesses and the weight to be given to their testimony. Bocquet v. Herring, 972
S.W.2d 19, 22 (Tex. 1998). The trial judge was free to believe that appellant's use
of his brother's name was simply a lie to avoid going to jail, and not a name by which
he is otherwise known. Accordingly, we hold that this evidence is legally sufficient
to support that appellant made a false statement.

 B. Required Or Authorized By Law to Be Made Under Oath

 A person commits perjury if he "makes a false statement under oath . . . and the
statement is required or authorized by law to be made under oath." Tex. Penal Code
Ann. §§ 37.02 (Vernon 1994). It is undisputed that the indictment contains neither
the word "required" nor "authorized." The indictment charges that the alleged false
sworn statement was "by law to be made under oath." The parties disagree about the
significance of both the omissions in the indictment and the "by law" language that
was used. 

 Appellant argues that this clause means that the State must prove that the
alleged false statement was one that was required "by law" to be made under oath. 
Appellant argues that, because the law does not require a defendant to be under oath
to enter a misdemeanor guilty plea, the State has not proved that his allegedly false
statement was "by law to be made under oath."

 The State disagrees, citing Ex parte Burkett, 577 S.W.2d 265 (Tex. Crim. App.
1979). In Burkett, the Court of Criminal Appeals rejected Burkett's contention that
the indictment upon which he was convicted was fundamentally defective because it
failed to allege that "the statement is required or authorized to by law to be made
under oath." Id. at 266. The Court concluded that the allegation that Burkett took an
oath, administered by someone authorized to give an oath, during an official
proceeding necessarily indicates that the statements made under oath were
"authorized by law to be made under oath." Id. The exact words of the statute need
not be alleged in the indictment when there is no material difference between the
indictment and the statute. Id.

 In the case at bar, the indictment alleged that appellant took an oath by
someone authorized to give an oath, during an official proceeding. Under the holding
in Burkett, this language necessarily indicates that the statements made under oath
were "authorized by law to be made under oath." See id. It was not necessary for the
State to prove that the appellant was required to make the statement under oath.

 C. The False Statement Was Material

 To satisfy a conviction for aggravated perjury the statement must be material. 
Tex. Penal Code Ann. § 37.03(a)(2) (Vernon 1994). A statement is material,
regardless of admissibility of the statement under the rules of evidence, if it could
have affected the course or outcome of the official proceedings. Tex. Penal Code
Ann. § 37.04(a) (Vernon 1994). The issue is not whether the false statement in fact
affected the course or outcome of the proceedings, but whether it could have affected
the course or outcome of those proceedings. Mitchell v. State, 608 S.W.2d 226, 228
(Tex. Crim. App. 1980). To do so, the false testimony must be related to the decision-making process of the proceeding. Id. Thus, "materiality" refers to "misstatements
having some substantial potential for obstruction of justice" and excludes "utterly
trivial falsifications." Id. Perjury may be assigned on false testimony as to facts that
are collaterally, remotely, or circumstantially material. Terrell v. State, 801 S.W.2d
544 (Tex. App.--Houston [14th Dist.] 1990, pet. ref'd).

 The State presented evidence showing that the false statement could have
affected the course or outcome of the official proceeding. The district attorney
testified that it is important to know the correct identity of all persons his office
prosecutes. Having the correct name enables the District Attorney's office to obtain
the correct criminal history, which in turn affects the type of the plea bargain offered,
if any. 

 D. A False Statement Was Given Under Oath.

 The only time appellant swore under oath that his name was "Tony Kmiec" was
when the State examined him about the dismissal of various related charges, after the
judge had sentenced him. To establish aggravated perjury, the false statement must
be made "during or in connection with an official proceeding." Tex. Penal Code
Ann. §37.03 (Vernon 1994). Thus, in this case, the fact that appellant committed
perjury after the judge sentenced him is not significant.

Jury Waiver

 In his second point of error, appellant contends that the lack of a written jury
waiver was harmful. Article 1.13(a) provides, in relevant part, that a defendant "shall
have the right, upon entering a plea, to waive the right of trial by jury, conditioned,
however, that such waiver must be in person by the defendant in writing in open court
with the consent and approval of the court, and the attorney representing the State." 
Tex. Code Crim P. art. 1.13(a) (Vernon Supp. 2002).

 Appellant argues that the record contains no evidence that he knowingly and
intelligently waived his right to a jury trial in writing in open court. However, the
judgment states that appellant waived a jury trial.

 In Johnson v. State, the Court of Criminal Appeals held that, although article.
1.13 was violated, Johnson was not harmed because the record reflects that he was
aware of his right to a jury trial and chose a bench trial. 72 S.W.3d 346 (Tex. Crim.
App. 2002). In Johnson, the judgment stated that the defendant waived a jury trial. 
Id. at 349. The Court concluded that the statement was "binding in the absence of
direct proof of its falsity," and that if the defendant waived a jury trial, then he must
have known about his right to a jury trial. Id.

 In this case, the judgment states that appellant "in person, in writing, and in
open Court, waived right of trial by jury." Appellant did not present any direct
evidence that the recitation was false. In the absence of such proof, we presume that
appellant was aware of his right to a jury trial and opted for a bench trial. Although
article 1.13(a) was violated because appellant did not waive his right to a jury in
writing in open court , he was not harmed by the violation.

 We overrule appellant's second point of error.

 


Conclusion

 We affirm the judgment of the trial court.


 Adele Hedges

 Justice


Panel consists of Justices Hedges, Keyes, and Duggan. (1) 

Publish. Tex. R. App. P. 47.
1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.