No. 2295.

## WILL STEBER *v.* THE STATE.

1. FALSE SWEARING—MARRIAGE LICENCES—COUNTY CLERKS, by virtue of the general power conferred on them by Article 1149 of the Revised Statutes, "to administer all oaths and take depositions," have authority to take affidavits of the consent of parents to the marriage of their daughter, and such an affidavit, if false, may be assigned as "false swearing," though not as perjury. (Davidson v. The State, 22 Texas Ct. App., 376, on this subject, cited and approved.)

2. SAME—EVIDENCE.—Appellant was tried for falsely making oath that the mother of the intended bride was willing for her to marry her affianced husband. It was in proof that the bride's mother had been dead some two years when the oath was made and the license obtained, and that since her death the bride had lived in the family and at the home of one G., who stood to her *in loco parentis.* The trial court permitted the State to prove by said G. that he did not give his consent to the marriage. *Held* that this testimony was inadmissible because wholly irrelevant to the issue, and tended to prejudice the rights of the defendant.

3. SAME—CHARGE OF THE COURT—"WILLFULLY."—Article 196 of the Penal Code, in defining the offense of "false swearing," requires that it be done "deliberately and willfully." The trial court properly instructed the jury as to the legal signification of "deliberately" but omitted to define the legal meaning of "willfully." *Held,* in view of the facts in proof, that this omission was reversible error. See the opinion *in extenso.*

APPEAL from the District Court of Rusk. Tried below before the Hon. J. G. Hazelwood.

The material facts are sufficiently disclosed in the opinion of this court. A term of two years in the penitentiary was the punishment assessed against the appellant.

*J. H. Wood,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This appeal is from a judgment of conviction for "false swearing," and the false swearing was assigned upon a statement or declaration made by appellant in an affidavit before the county clerk, for the purpose of obtaining a marriage license for one Jesse Wells and one Savanah Stovall to marry; the false matter assigned consisting in a statement contained in said affidavit " that Savanah Stovall's mother was willing for Savanah to marry Jesse Wells," said Savanah being at the time only fifteen years of age.

Many of the questions raised in the assignment of errors and brief of counsel have already been decided by this court in the analogous case of Davidson v. The State, 22 Texas Court of Appeals, page 376. In this case it was held that such an affidavit, and for such a purpose, taken by a county clerk, was legal and valid under the general authority conferred by statute upon county clerks to take affidavits (Rev. Stats., art 7); and that such an affidavit, whilst not assignable as perjury, being extra judi-

cial, was assignable and would support a prosecution for "false swearing" under our statute defining that offense. (Penal Code, art. 196.)

It was not error to admit in evidence the purported affidavit made before the county clerk, said affidavit was not variant to nor contradictory of any allegation in the indictment, but, on the contrary, tended directly and pertinently to support said allegations.

It is urgently insisted that the court erred in permitting the witness Andy Givens to testify that he did not give his consent that Savanah Stovall should marry Jesse Wells. It is established, by the evidence, that Savanah Stovall's mother had been dead some two years when the marriage license was obtained. After her mother's death Savanah had lived in the family and at the home of Givens. With reference to the girl, Givens, in fact, occupied the relation of one standing *in loco parentis*. Now, whilst it is true that, from an equitable standpoint, had such evidence been offered by defendant, his consent to the marriage would and should have tended strongly to have obviated the operation of law as to the illegality of the license (Rev. Stat., art. 2841), yet his consent or non-consent could throw no light upon the issue assigned for false swearing—to wit, the consent or non-consent of Savanah Stovall's mother; and, to prove his want of consent had a tendency, and, we think, a strong one under the circumstances, to prejudice the rights of defendant by immaterial and irrelevant matter. We are of opinion the evidence was inadmissible.

We are also of opinion the charge of the court under the peculiar facts of this case should have defined to the jury the meaning of the word "willful," which is one of the statutory words used to characterize this offense. The language of the statute is: "If any person shall deliberately and willfully," etc. (Penal Code, art. 196.) The jury were, as to the word "deliberately," properly charged that a false statement made through inadvertance or under agitation or by mistake (Penal Code, art. 189) would not support a conviction, but they were not charged as to the meaning of the word "willfully," which was equally as essential to be understood as the word "deliberately," since the statute makes them both conjointly essential to the crime. "Willful" in legal parlance signifies with evil intent oi legal malice, or without legal ground to believe the act to be lawful; and a trial court, in charging a jury upon a case involving this ques-

tion should, as an essential part of the law of the case, instruct the jury as to the legal meaning of the word "willful." (Trice v. The State, 17 Texas Ct. App., 43; Owens v. The State, 19 Texas Ct. App., 243; Loyd v. The State, 19 Texas Ct. App., 321; Baker v. The State, 21 Texas Ct. App., 264.)

Had the court given a proper explanation of the word "willful," the jury might perchance have concluded that the alleged false statement was not made "with evil intent or legal malice, or without legal ground to believe the act to be lawful." Appellant had not lived in the neighborhood of Savanah Stovall, does not appear to have known her, did not know her mother, certainly did not know the latter was dead. Two parties, most deeply interested , it seems, in procuring marriage licenses for themselves—friends of his in whose honesty and integrity as well as truthfulness he doubtless trustingly reposed with child-like simplicity and faith—exacted of him the friendly office of procuring for them the legal sanction which would alone enable them to wed the objects of their affection, and thereby secure them supposed lasting happiness. No wonder that friendship put to so mild a test should have readily become an easy victim to premeditated purposes for circumventing the law. Moreover, the evidence tends to show that appellant was a man of rather weak intellect—one susceptible to influences and easily imposed upon by designing persons who, in the character of confiding friends, would exact of him a duty which the fear of the penitentiary would prevent them performing for themselves. If defendant really believed their statement and relied upon them, then, however much we may blame his discretion and condemn the soundness of his judgment in the matter, we can but doubt, nevertheless, the existence of "an evil intent" when it appears to be based alone upon misplaced confidence and disinterested friendship in a matter pertaining exclusively to the happiness of others.

For the error pointed out the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*