**Randy MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65017.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 8, 1980.

Rehearing Denied Dec. 10, 1980.

Lynn C. Hensley, Rockdale, P. David Wahlberg, Austin, for appellant.

John B. Henderson, Jr., County Atty., Cameron, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation. Appellant was convicted of delivery of marihuana. Probation was revoked for allegedly committing an offense against the law, namely, aggravated perjury, contrary to the terms of probation.

The motion alleged aggravated perjury based on appellant's testimony in two cases, *State v. Caddell* and *State v. Hodge*, in substantially the same language:

"The Defendant, Randy Mitcell, has violated Condition No. 1 of the 3–year probation granted him on March 29, 1979 by this Honorable Court in that on or about the 20th day of September, A.D. 1979, in Milam County, Texas, he did then and there personally appear at an official proceeding to–wit: a trial in the Twentieth District Court of Milam County, Texas, styled The State of Texas v. Michael Britt Hodge, and being Cause No. 15,790 on the docket of said Court and in connection with and during said official proceeding and after being duly sworn by Don G. Humble, the Judge of said Court authorized by law to administer oaths, made, under oath, a false statement, this statement being, to–wit: 'that in his presence Kim Mitchell had sexual intercourse with Harold B. O'Brien and James F. Cooke at an apartment in the Rainbow Courts in Rockdale, Texas during the month of March, 1979', whereas in truth and in fact the said Kim Mitchell did not have sexual intercourse with Harold B. O'Brien and James F. Cooke in the presence of the said Randy Mitchell at an apartment in the Rainbow Courts in Rockdale, Texas during the month of March, 1979, and the said Randy Mitchell made this false statement with knowledge of the statement's meaning and with intent to deceive, and said false statement was material to the issue under inquiry during said official proceeding as to the credibility of the said Harold B. O'Brien, who, along with the said James F. Cooke, acted in an undercover capacity while serving as a Narcotics Officer with the Texas Department of Public Safety in Milam County, Texas during the months of January, February and March of 1979 and was the State's key witness in such proceeding against Michael Britt Hodge, and said false statement could have affected the course and outcome of said official proceeding, and said statement was required by law to be made under *oath*, against the peace and dignity of the State, the offense committed by the said Defendant being AGGRAVATED PERJURY, ..."

Appellant pleaded not true to these allegations.

Appellant first contends that the statute defining the crime of aggravated perjury is unconstitutionally vague.

V.T.C.A., Penal Code Sec. 37.03 provides, in pertinent part:

"(a) A person commits an offense if he commits perjury as defined in Section 37.02 of this Code and the false statement:

"(1) is made during or in connection with an official proceeding; and

"(2) is material."

A statement is material, regardless of its admissibility, if it *"could have affected* the course or outcome of the official proceeding." V.T.C.A., Penal Code Sec. 37.04(a) (emphasis added). Appellant lists numerous hypotheticals in his brief attempting to illustrate how the language of Sec. 37.04(a) is vague: specifically, he argues the terms "affected" and "course" of the proceeding are vague. Materiality is a question of law, not fact. Sec. 37.04(c), supra. The issue is not whether the false statement in fact affected the course or outcome of the proceedings, but whether it was such testimony as *could* have affected the course or outcome of those proceedings. To have such potential, the false testimony must be related to the decision making process of the proceeding. Thus, "materiality" refers to "misstatements having some substantial potential for obstructing justice" and excludes "utterly trivial falsifications." See *Model Penal Code* Sec. 208.20 at p. 112, Comment (Tent. Draft No. 6, 1957). Compare V.T.C.A., Penal Code Sec. 37.04(a) with *Model Penal Code* Sec. 241.1(2) (1962).

We therefore overrule appellant's contention that the definition of "material" in Sec. 37.04 is unconstitutionally vague.

Likewise we reject appellant's contentions that his testimony in issue was not "material." Appellant's false testimony could have affected the course of the proceeding in that such testimony, if believed by the fact finder, would bear directly on the credibility of the State's witness. Where the matter is calculated to incline the jury to give "more ready credit to the substantial fact," materiality, for the purposes of aggravated perjury, is shown. See *Frazier v. State*, 61 Tex.Cr.R. 647, 135 S.W. 583, 584. Since appellant's false statements were made for the purpose of affecting the credibility of the State's witnesses, they were material under the law of this State prior to the enactment of the new Penal Code. *Washington v. State*, 22 Tex.Ct.App. 26, 3 S.W. 228, 229. We likewise find appellant's statements "material" as that concept is defined in V.T.C.A., Penal Code Sec. 37.-04(a), which is broader than that under prior case law. See Searcy & Patterson, *Practice Commentary*, 4 V.T.C.A., Penal Code 51, 52 (1974). Further, we find that the evidence adduced by the State, the transcripts containing the testimony in question and the testimony of two district attorneys stating that in their opinion the testimony did affect the course of the proceeding, was sufficient to establish materiality. Appellant's grounds of error two, three and eight are overruled.

Appellant next contends that the court abused its discretion in refusing to consider the testimony of Dorothy Mitchell. The "rule" had been invoked and the record reflects that this witness was present in the courtroom during the presentation of the State's case in violation of the rule. The enforcement of the rule is in the sound discretion of the trial court. Art. 36.04, V.A.C.C.P. We find that the record does not reveal an abuse of the trial court's discretion and overrule appellant's fourth ground of error.

In his next ground, appellant contends that it was error to deny his motion to quash the State's motion to revoke probation. Appellant contends that the State's motion "did not give [him] full and fair notice of that upon which he would be called to defend." A motion to revoke probation need not meet the particulars of an indictment, information, or complaint, e. g., *Champion v. State*, Tex.Cr.App., 590 S.W.2d 495, 497; however, when a motion to quash is presented, the movant is entitled to sufficient information so that he can properly defend against the charge made. *Matte v.*

*State,* Tex.Cr.App., 572 S.W.2d 547, 549. The relevant portion of the motion to revoke is set out above. A review of that motion satisfies us that appellant was apprised of the specific statements the State would prove and was given sufficient information upon which to prepare a defense. Appellant's fifth ground of error is overruled.

Appellant's sixth ground of error is wholly without merit. He contends that the State's evidence of aggravated perjury was not sufficiently corroborated. See Art. 38.18, V.A.C.C.P. Both Cooke and O'Brien testified that they did not have sexual intercourse with Mitchell at the time in question. Mitchell testified to the same effect. Assuming that Art. 38.18 is applicable,[1] we find that it was satisfied.

Next appellant contends that the evidence was insufficient to establish the requisite intent to commit aggravated perjury. We cannot say that from the evidence it was an abuse of discretion to infer the requisite intent to deceive from the circumstances. See *Williams v. State,* Tex.Cr. App., 567 S.W.2d 507, 510. Appellant's seventh ground of error is overruled.

In his final ground of error appellant contends that there was no showing that his statements in the trial of *State v. Caddell* were made under oath. Assuming this were true, the evidence of aggravated perjury in the trial of *State v. Hodge* is sufficient to support the revocation of probation.

The judgment is affirmed.

---

1. Art. 38.18, V.A.C.C.P., provides that no person may be *convicted* of aggravated perjury if proof that his statement is false rests solely upon the testimony of one witness other than the defendant. In the case at bar appellant was not convicted of aggravated perjury; rather, his probation was revoked for that offense.