NO. 07-02-0035-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 1, 2002



______________________________




RONALD ROSS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 80806; HONORABLE LARRY GIST, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 This appeal was brought by appellant Ronald Ross after he entered a plea of guilty
to the offense of possession of a controlled substance. Pursuant to a plea bargain,
appellant was sentenced to five years confinement in the Institutional Division of the
Department of Criminal Justice. 

 Appellant has now filed a motion in which he asks this court to dismiss his appeal,
and he has personally signed that motion. Because appellant has complied with the
requisites of Rule 42.2 (a) of the Texas Rules of Appellate Procedure and this court has
not delivered its decision prior to receiving appellant's motion, we hereby grant the motion
to dismiss. 

 Having dismissed this appeal at appellant's request, no motion for rehearing will be
entertained, and our mandate will issue forthwith. 


 John T. Boyd

 Chief Justice


Do not publish.



n support of the State's allegation that appellant failed to provide her correct
residence address, Choate testified a telephone call to the number provided by appellant
was not answered and correspondence sent to the address was returned unclaimed.
Neither Choate or another officer ever went to the address. 

 Appellant testified that she returned to the probation department on May 20, 2003
as she was instructed to do, and that she telephoned for Choate on May 21, but was not
able to reach her on either occasion. Appellant further testified she was not able to call
later because she was in a relationship with a man who was abusive and she was not
permitted to use the only telephone in the house. 

 The State sought to impeach appellant's testimony by questioning her about records
of the probation department showing the only date she was in that office was May 19,
2003. Appellant challenged the accuracy of some of the probation department records
based on information she provided to department employees. 

 At the conclusion of the hearing the trial court found she had violated the conditions
of her probation "as alleged in the motion to revoke" and imposed the original sentence
of two years confinement in a state jail facility, fine of $750, court costs, and any restitution
remaining unpaid. Appellant timely perfected appeal from this judgment.

 Appellant's counsel has filed a motion to withdraw supported by a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he
represents that he has searched the record and in the opinion of counsel, under the
controlling authorities and facts of this case, there is no reversible error or legitimate
grounds for appeal. Counsel's brief does not discuss any potential issues. Counsel has
informed appellant by letter of her right to review the trial record and to file a pro se brief. 
Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, pet. ref'd). This Court also
notified appellant of her opportunity to submit a response to the Anders brief and motion
to withdraw filed by her counsel. Appellant has not filed a brief or other response. Nor has
the State filed a brief in this appeal. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We must also make an independent
examination of the entire record to determine whether there are any arguable grounds
which might support the appeal. See Stafford, 813 S.W.2d at 511. 

 In a proceeding to revoke community supervision, the State has the burden of
proving by a preponderance of evidence that the defendant violated the terms of his
community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.1993). To
meet this burden of proof, the greater weight of the evidence must create a reasonable
belief that the defendant violated a condition of probation as alleged. Torres v. State, 103
S.W.3d 623, 625 (Tex.App.-San Antonio 2003, no pet.). We review the decision to revoke
community supervision for an abuse of discretion. Jackson v. State, 645 S.W.2d 303, 305
(Tex.Crim.App.1983). When more than one violation is alleged, proof of any one of them
is sufficient to support the revocation. Moore v. State, 605 S.W.2d 924, 926
(Tex.Crim.App. 1980). 

 An allegation in a motion to revoke probation need not meet the particulars of an
indictment or complaint, Mitchell v. State, 608 S.W.2d 226, 228 (Tex.Crim.App.1980), and
is sufficient if it gives the person notice to enable him to prepare a defense. Labelle v.
State, 720 S.W.2d 101, 108 (Tex.Crim.App. 1986). Here the State alleged appellant
"failed to report for the month of May 2003 for her intake interview in this case" and "does
not reside at 2514 Rochelle Street, Plainview Texas as she reported." 

 The State's evidence established appellant did report to the community supervision
department on her release from jail May 19, 2003. The evidence whether she returned to
complete the intake process was disputed. Any variance between the allegation in the
State's motion and the proof was slight and fails to present a meritorious issue as to
whether it deprived appellant of fair notice of the issues she would be required to defend
at a hearing on the State's motion. (1) 

 With regard to the second violation alleged, the State's evidence showed only there
was no answer at one telephone number appellant provided and mail sent to the address
was returned unclaimed. There was no evidence of the service address of the telephone
number called or that the returned letter showed appellant did not reside at the address
to which it was sent. However appellant's own testimony established she did not live at
the address she reported during at least some of the probationary period. As the sole trier
of fact the trial court was free to determine the credibility of witnesses and resolve conflicts
in the evidence. Id. The court did not accept appellant's testimony that she was prevented
from complying with the conditions of her community supervision by contacting her
probation officer. We find no meritorious issue concerning the sufficiency of the evidence
supporting the trial court's judgment.

 Our review of the record establishes the trial court did not abuse its discretion in
revoking appellant's community supervision. We grant counsel's motion to withdraw and
affirm the judgment of the trial court. 


 James T. Campbell

 Justice



Do not publish. 

1. Appellant did not assert as an affirmative defense the failure of any officer to
attempt to contact her in person at the address listed. See Tex.Code Crim.Proc. Ann. art.
42.12, § 24 (Vernon pamph. 2004).