# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00657-CR
## NO. 03-02-00705-CR

**Ian Evans, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NOS. 910774 & 910775, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In January 1996, appellant Ian Evans was placed on deferred adjudication community supervision for six years after he pleaded guilty to filing a false fuel report and failing to remit diesel fuel taxes. *See* Tex. Tax Code Ann. §§ 153.221, .403 (West 2002). In September 1998, appellant was adjudicated guilty in both causes and continued on community supervision for five years. He now appeals from October 2002 orders revoking supervision and imposing three-year prison sentences. He urges that the evidence does not support the court's finding that he violated the conditions of supervision, and that the judge who revoked supervision was not authorized to do so. We will overrule these contentions and affirm the revocation orders.

The State alleged that appellant failed to report to his probation officer from November 1998 through February 2002, and that he failed to pay required fees. The trial court found both allegations to be true. Appellant contends the evidence does not support these findings.

Appellant's probation officer testified without contradiction that appellant did not report a single time between October 2000 through September 2002. Appellant offered two excuses for this failure to report. First, he testified that after he was adjudicated guilty in September 1998, he was in the continuous custody of either Harris County or the Immigration and Naturalization Service until October 31, 2000. Second, he testified that after his release from custody in October 2000, he made several unsuccessful attempts to contact the Travis County probation office by telephone from his residence in Montgomery County. According to appellant, when he finally got through to someone in Travis County, he was told they had no record of him. Appellant made no further effort to contact or report to the Travis County probation department.

Appellant argues that because he was in custody, he was excused from reporting from November 1998 until his release in October 2000. Thus, he urges that the State failed to prove its allegation: that he failed to report from November 1998 through February 2002. We understand him to be asserting a variance between the allegations in the motions to revoke and the proof adduced at the hearing. Assuming that the variance rule applies to probation revocations, and assuming further that there was a variance between the allegations and the proof in these causes, the variance was not material. *See Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). The motions to revoke gave appellant fair notice of the alleged violation and are sufficient to prevent revocations

for the same violations at a later time. *See id.*; *see also Mitchell v. State*, 608 S.W.2d 226, 229 (Tex. Crim. App. 1980) (motions to revoke need not comply with pleading rules governing indictments).

Regarding his failure to report after being released from custody in October 2000, appellant asserts that the State failed to use due diligence to find him. The due diligence rule to which appellant refers holds that a trial court may revoke supervision following the expiration of the supervisory period only if a motion to revoke was filed and a capias was issued during the term of supervision, and if the State thereafter used due diligence to apprehend the probationer and determine the allegations in the motion. *See Peacock v. State*, 77 S.W.3d 285, 287 (Tex. Crim. App. 2002). The rule has no application here because the hearing on the motions to revoke was held before the supervisory period expired.

The decision to revoke community supervision is committed to the discretion of the trial court. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The allegations in a motion to revoke must be proved by a preponderance of the evidence. *Id.* The trial court did not abuse its discretion by finding that appellant failed to report as alleged in the motions to revoke. Because this ground is alone sufficient to support the court's orders, we need not decide whether the State proved the other alleged violation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Point of error one is overruled.

In his second point of error, appellant asserts that there was a violation of article 42.12, section 10(a) because the judge who revoked supervision was not the judge who originally deferred adjudication and placed appellant on community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a) (West Supp. 2004). The statute provides that "[o]nly the court in which the

3

defendant was tried may grant community supervision, impose conditions, revoke the community supervision, or discharge the defendant, unless the judge has transferred jurisdiction of the case to another court with the latter's consent." *Id.* The statute distinguishes between the court having jurisdiction of the cause and the judge presiding in that court. Under the statute, a revocation proceeding must be held in the convicting court but not necessarily before the same judge. In these causes, the original deferred adjudication proceedings, the subsequent adjudications, and the probation revocations now on appeal were all conducted in the 147th Judicial District Court. Appellant draws our attention to other portions of the statute providing that "only the judge may alter conditions of community supervision" and "only the judge who originally sentenced the defendant may suspend execution thereof and place the defendant under community supervision." *Id.* This language is not applicable to these causes. No violation of article 42.12, section 10(a) is shown. Point of error two is overruled.

The orders revoking community supervision are affirmed.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: March 25, 2004

Do Not Publish

4