NO. 07-04-0269-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 31, 2004



______________________________




KATHRYN LOUISE SMILEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. 14838-0302; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Kathryn Louise Smiley brings this appeal from the revocation of her
community supervision and imposition of two years confinement in a state jail facility. We
will affirm the trial court's judgment. 

 Appellant was indicted for the felony offense of burglary of a building. She was
convicted on her plea of guilty pursuant to a plea agreement on May 19, 2003. 
Punishment was assessed in conformity with the plea agreement at two years confinement
in a state jail facility, restitution, a $750 fine and payment of court costs, each suspended
for a period of three years conditioned on appellant's compliance with the terms of her
community supervision. As relevant here, those conditions required appellant to report to
the assigned community supervision officer on or before the tenth of each month and to
keep the supervision officer advised of her correct residence address.

 The State filed a motion to revoke appellant's community supervision June 26,
2003, alleging she "failed to report for the month of May 2003 for her intake interview in
this case" and "does not reside at 2514 Rochelle Street, Plainview, Texas, as she
reported." 

 The trial court heard the State's motion to revoke May 5, 2004 where appellant
plead not true to both of the allegations. The State presented the testimony of Hale
County probation officer Melinda Choate who stated appellant reported to the probation
office after her release from jail on May 19, 2003 and began the intake process but did not
complete it because Choate needed to return to court. Choate said she instructed
appellant to return on May 22 but she failed to do so and had not reported to the probation
department since May 19, 2003.

 In support of the State's allegation that appellant failed to provide her correct
residence address, Choate testified a telephone call to the number provided by appellant
was not answered and correspondence sent to the address was returned unclaimed.
Neither Choate or another officer ever went to the address. 

 Appellant testified that she returned to the probation department on May 20, 2003
as she was instructed to do, and that she telephoned for Choate on May 21, but was not
able to reach her on either occasion. Appellant further testified she was not able to call
later because she was in a relationship with a man who was abusive and she was not
permitted to use the only telephone in the house. 

 The State sought to impeach appellant's testimony by questioning her about records
of the probation department showing the only date she was in that office was May 19,
2003. Appellant challenged the accuracy of some of the probation department records
based on information she provided to department employees. 

 At the conclusion of the hearing the trial court found she had violated the conditions
of her probation "as alleged in the motion to revoke" and imposed the original sentence
of two years confinement in a state jail facility, fine of $750, court costs, and any restitution
remaining unpaid. Appellant timely perfected appeal from this judgment.

 Appellant's counsel has filed a motion to withdraw supported by a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he
represents that he has searched the record and in the opinion of counsel, under the
controlling authorities and facts of this case, there is no reversible error or legitimate
grounds for appeal. Counsel's brief does not discuss any potential issues. Counsel has
informed appellant by letter of her right to review the trial record and to file a pro se brief. 
Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, pet. ref'd). This Court also
notified appellant of her opportunity to submit a response to the Anders brief and motion
to withdraw filed by her counsel. Appellant has not filed a brief or other response. Nor has
the State filed a brief in this appeal. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We must also make an independent
examination of the entire record to determine whether there are any arguable grounds
which might support the appeal. See Stafford, 813 S.W.2d at 511. 

 In a proceeding to revoke community supervision, the State has the burden of
proving by a preponderance of evidence that the defendant violated the terms of his
community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.1993). To
meet this burden of proof, the greater weight of the evidence must create a reasonable
belief that the defendant violated a condition of probation as alleged. Torres v. State, 103
S.W.3d 623, 625 (Tex.App.-San Antonio 2003, no pet.). We review the decision to revoke
community supervision for an abuse of discretion. Jackson v. State, 645 S.W.2d 303, 305
(Tex.Crim.App.1983). When more than one violation is alleged, proof of any one of them
is sufficient to support the revocation. Moore v. State, 605 S.W.2d 924, 926
(Tex.Crim.App. 1980). 

 An allegation in a motion to revoke probation need not meet the particulars of an
indictment or complaint, Mitchell v. State, 608 S.W.2d 226, 228 (Tex.Crim.App.1980), and
is sufficient if it gives the person notice to enable him to prepare a defense. Labelle v.
State, 720 S.W.2d 101, 108 (Tex.Crim.App. 1986). Here the State alleged appellant
"failed to report for the month of May 2003 for her intake interview in this case" and "does
not reside at 2514 Rochelle Street, Plainview Texas as she reported." 

 The State's evidence established appellant did report to the community supervision
department on her release from jail May 19, 2003. The evidence whether she returned to
complete the intake process was disputed. Any variance between the allegation in the
State's motion and the proof was slight and fails to present a meritorious issue as to
whether it deprived appellant of fair notice of the issues she would be required to defend
at a hearing on the State's motion. (1) 

 With regard to the second violation alleged, the State's evidence showed only there
was no answer at one telephone number appellant provided and mail sent to the address
was returned unclaimed. There was no evidence of the service address of the telephone
number called or that the returned letter showed appellant did not reside at the address
to which it was sent. However appellant's own testimony established she did not live at
the address she reported during at least some of the probationary period. As the sole trier
of fact the trial court was free to determine the credibility of witnesses and resolve conflicts
in the evidence. Id. The court did not accept appellant's testimony that she was prevented
from complying with the conditions of her community supervision by contacting her
probation officer. We find no meritorious issue concerning the sufficiency of the evidence
supporting the trial court's judgment.

 Our review of the record establishes the trial court did not abuse its discretion in
revoking appellant's community supervision. We grant counsel's motion to withdraw and
affirm the judgment of the trial court. 


 James T. Campbell

 Justice



Do not publish. 

1. Appellant did not assert as an affirmative defense the failure of any officer to
attempt to contact her in person at the address listed. See Tex.Code Crim.Proc. Ann. art.
42.12, § 24 (Vernon pamph. 2004).


ent's
evidentiary limitation by arguing the "arbitrator is not limited to what the parties agree or
what information he is given," citing sections 171.050 and 171.051 of the TGAA. He also
cites Mewbourne Oil Co. v. Blackburn, 793 S.W.2d 735 (Tex.App.-Amarillo 1990, orig.
proceeding), for the proposition that the arbitrator was "empowered to cause the discovery
necessary to resolution of the issues before [him]." Id. at 737. 

 We reject Whiteside's view that minimizes the role of the submission agreement. 
An arbitrator's authority arises from the agreement of the parties. Peacock v. Wave Tec
Pools, Inc., 107 S.W.3d 631, 636 (Tex.App.-Waco 2003, no pet.). A purpose of the TGAA
is to ensure the enforceability of arbitration agreements. See Tex. Civ. Prac. & Rem. Code
Ann. § 171.001 (Vernon 2005). Parties have wide latitude in structuring an arbitration
proceeding through their agreement. See TUCO, 912 S.W.2d at 314 (citing FAA). Courts
have given effect to arbitration agreements altering whether the question of arbitrability is
one for the court or the arbitrator, First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938,
947, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), what procedural rules would apply, Volt
Information Sciences, Inc. v. Board of Trustees of Leland Stanford Univ., 489 U.S. 468,
477-78, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), and even the standard for and extent of
judicial review, Gateway Technologies, Inc. v. MCI Telecommunications Corp., 64 F.3d
993, 996 (5th Cir. 1995); Hughes Training, Inc. v. Cook, 254 F.3d 588, 590 (5th Cir. 2001);
Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P., 105 S.W.3d 244, 251
(Tex.App.-Houston [14th Dist.] 2003, pet. denied) (applying federal arbitration law). 

 In view of the parties' express agreement limiting the evidence to be considered by
the arbitrator, the trial court did not err in declining to vacate the arbitrator's award on the
grounds he exceeded his powers or refused to hear material evidence by giving effect to
the agreement. (4) See IPCO-G & C v. A.B. Chance Co., 65 S.W.3d 252, 259 (Tex.App.-
Houston [1st Dist.] 2001, pet. denied) (court rejected challenge to award based on
arbitrator's refusal to consider post-hearing evidence, relying on provisions of governing
agreement granting arbitrator authority to determine relevance of evidence). Neither the
general provisions of the TGAA allowing arbitrators to authorize depositions, § 171.050,
and issue subpoenas, § 171.051, nor the opinion in Mewbourne Oil suggest a contrary
conclusion. 

 Whiteside's third ground argues appellees' "withholding" of information of dealings
with MHB was fraud requiring the trial court to vacate the award. He relies on Karaha
Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 364 F.3d 274 (5th
Cir. 2004), cert. denied, 543 U.S. 917, 125 S.Ct. 59, 160 L.Ed.2d 202 (2004), and Prestige
Ford v. Ford Dealer Computer Services, Inc., 324 F.3d 391 (5th Cir. 2003). In Karaha
Bodas the court recited a three-pronged test for determining if an arbitration award was
procured by fraud. Id. at 307. It requires a movant to establish (1) the fraud by clear and
convincing evidence, (2) that it was not discoverable before or during the arbitration, and
(3) the fraud materially related to an issue in the arbitration. Id. The issue in Prestige Ford
concerned the production of altered documents by a party in the course of an arbitration
proceeding. The trial court and Fifth Circuit affirmed the award because the arbitrators
declined to compel production of the documents, considered the argument the documents
had been altered and reached a decision independent of the alleged fraud. Id. at 394-95. 
Under this record, neither case supports Whiteside's first issue.

 Whiteside contends he properly requested the information through discovery and
it was wrongly withheld by appellees. As evidence of his requests for the records,
Whiteside points to electronic mail exchanges. A March 2005 message to Whiteside from
Hunt addressed several matters, including Whiteside's request for information concerning
his former partners' dealings with MHB before Whiteside's withdrawal from CHJ. A second
message from Hunt represented "the only contractual matter between CHJ and MHB"
concerned the sale of equipment and office supplies and denied knowledge of other
records or agreements between the firms. That message also declined to provide records
concerning the other partners' "individual entry into MHB[.]" 

 Assuming, without deciding, that the test for fraud set out in Karaha Bodas is
applicable under the TGAA, (5) the record here does not establish the elements of that test. 
Like in Karaha Bodas, the conduct Whiteside challenges was known before the arbitration
hearing, precluding him from satisfying the second element. Far from pursuing his
outstanding requests at the arbitration hearing, Whiteside entered into the submission
agreement, including its express provision limiting the evidence to be considered. The
agreement negates his assertion that appellees "wrongly" withheld the records. See
Karaha Bodas, 364 F.3d at 304 (noting representation at conclusion of arbitration hearing
that record had been "fully made"). 

 Whiteside's contention the arbitrator had no evidence on which to decide whether
the partners' actions constituted a dissolution or a merger with MHB without examination
of CHJ's records of "dealings" with MHB is, at bottom, an attack on the sufficiency of the
evidence on which the arbitrator based his decision. Having reviewed the entirety of the
materials presented the trial court, we find the court reasonably could have considered
Whiteside's arguments for vacatur as an effort to bootstrap an evidentiary sufficiency
complaint into a statutory ground for vacatur. See J. J. Gregory Gourmet Services, Inc. v.
Antone's Import Co., 927 S.W.2d 31, 33 (Tex.App.-Houston [1st Dist.] 1995, no writ)
(absent statutory ground to vacate arbitrator's award, a complaint about sufficiency of the
evidence to support the award provided the trial court no basis on which to vacate it). We
find the trial court did not err in rejecting Whiteside's grounds for vacation of the award, and
overrule his first issue.

 Whiteside's second issue assigns error to the trial court's failure to order production
of documents concerning dealings between CHJ and MHB for in camera review. 
Whiteside points to the authority given a trial court under section 171.086 of the TGAA to
order discovery even after conclusion of the arbitration. Tex. Civ. Prac. & Rem. Code Ann.
§ 171.086(b). We will apply an abuse of discretion standard to our review of the trial
court's denial of Whiteside's motion to require the document production. (6) A court may
abuse its discretion by ruling arbitrarily, unreasonably or without reference to any guiding
rules and principles, or without supporting evidence. Bocquet v. Herring, 972 S.W.2d 19,
21 (Tex. 1998); Morrow v. H.E.B., Inc., 714 S.W.2d 297, 298 (Tex. 1986); Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Here, the court had
before it the unchallenged submission agreement limiting the evidence to be considered
by the arbitrator. We hold the trial court did not err in declining Whiteside's motion to
compel production of documents for in camera review and overrule his second issue.
Whiteside's third issue recasts the argument presented in his second issue and is likewise
overruled, as is his pending motion seeking the same relief in this Court. (7) Having overruled
Whiteside's issues, we affirm the judgment of the trial court. 


 James T. Campbell

 Justice





1. Our recitation of the facts and procedural background of the case comes largely
from this Court's memorandum opinion denying a petition for writ of mandamus brought
by Whiteside. In re Whiteside, No. 07-06-0078-CV, 2006 WL 1519430 (Tex.App.-Amarillo
June 6, 2006, orig. proceeding).
2. As we later discuss, Whiteside contends the circumstances raise the issue whether
this action constituted a merger of the partnerships or acts of the former partners
individually. The record indicates Whiteside's former partners occupied the same offices
and used the same office staff and equipment as they used in the CHJ partnership. 
3. Both parties also cite Texas and federal court cases applying the Federal
Arbitration Act (FAA), 9 U.S.C. §§ 1-16. State and federal jurisprudence in this area is
largely consistent and the well-developed federal jurisprudence is instructive. See In re D.
Wilson Const. Co., 196 S.W.3d 774, 780 (Tex. 2006) (state and federal acts can apply
simultaneously). 
4. Indeed, had the arbitrator disregarded the submission agreement his award could
be subject to challenge on the basis he exceeded his powers. See, e.g., International
Union of Operating Engineers v. Cooper Natural Resources, 163 F.3d 916, 919 (5th Cir.
1999) (holding arbitrator did not have authority to ignore the parties' agreement in making
award). 
5. The same test has been applied by at least one Texas court of appeals. See
Henry, 100 S.W.3d at 510.
6. Subsection (a) of 171.086 expressly commits to the trial court's discretion pre-arbitration rulings on discovery and "other relief." Subsection (b) does not indicate any
different standard should apply to rulings made during or after arbitration. 
7. Whiteside also filed a motion asking that we supplement the record in this appeal
with "sealed" documents contained in the record in the mandamus proceeding, In re
Whiteside, No. 07-06-0078-CV, 2006 WL 1519430 (Tex.App.-Amarillo June 6, 2006, orig.
proceeding). That motion is granted.