NO. 07-04-0269-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 31, 2004

_____


KATHRYN LOUISE SMILEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. 14838-0302; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Appellant Kathryn Louise Smiley brings this appeal from the revocation of her community supervision and imposition of two years confinement in a state jail facility. We will affirm the trial court's judgment.

Appellant was indicted for the felony offense of burglary of a building. She was convicted on her plea of guilty pursuant to a plea agreement on May 19, 2003. Punishment was assessed in conformity with the plea agreement at two years confinement in a state jail facility, restitution, a $750 fine and payment of court costs, each suspended for a period of three years conditioned on appellant's compliance with the terms of her community supervision. As relevant here, those conditions required appellant to report to the assigned community supervision officer on or before the tenth of each month and to keep the supervision officer advised of her correct residence address.

The State filed a motion to revoke appellant's community supervision June 26, 2003, alleging she "failed to report for the month of May 2003 for her intake interview in this case" and "does not reside at 2514 Rochelle Street, Plainview, Texas, as she reported."

The trial court heard the State's motion to revoke May 5, 2004 where appellant plead not true to both of the allegations. The State presented the testimony of Hale County probation officer Melinda Choate who stated appellant reported to the probation office after her release from jail on May 19, 2003 and began the intake process but did not complete it because Choate needed to return to court. Choate said she instructed appellant to return on May 22 but she failed to do so and had not reported to the probation department since May 19, 2003.

In support of the State's allegation that appellant failed to provide her correct residence address, Choate testified a telephone call to the number provided by appellant was not answered and correspondence sent to the address was returned unclaimed. Neither Choate or another officer ever went to the address.

Appellant testified that she returned to the probation department on May 20, 2003 as she was instructed to do, and that she telephoned for Choate on May 21, but was not able to reach her on either occasion. Appellant further testified she was not able to call later because she was in a relationship with a man who was abusive and she was not permitted to use the only telephone in the house.

The State sought to impeach appellant's testimony by questioning her about records of the probation department showing the only date she was in that office was May 19, 2003. Appellant challenged the accuracy of some of the probation department records based on information she provided to department employees.

At the conclusion of the hearing the trial court found she had violated the conditions of her probation "as alleged in the motion to revoke" and imposed the original sentence of two years confinement in a state jail facility, fine of $750, court costs, and any restitution remaining unpaid. Appellant timely perfected appeal from this judgment.

Appellant's counsel has filed a motion to withdraw supported by a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he represents that he has searched the record and in the opinion of counsel, under the

controlling authorities and facts of this case, there is no reversible error or legitimate grounds for appeal. Counsel's brief does not discuss any potential issues. Counsel has informed appellant by letter of her right to review the trial record and to file a pro se brief. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). This Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has not filed a brief or other response. Nor has the State filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Our review of counsel's brief and the record convinces us that appellate counsel conducted a thorough review of the record. We must also make an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford*, 813 S.W.2d at 511.

In a proceeding to revoke community supervision, the State has the burden of proving by a preponderance of evidence that the defendant violated the terms of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App.1993). To meet this burden of proof, the greater weight of the evidence must create a reasonable

belief that the defendant violated a condition of probation as alleged. *Torres v. State*, 103 S.W.3d 623, 625 (Tex.App.–San Antonio 2003, no pet.). We review the decision to revoke community supervision for an abuse of discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). When more than one violation is alleged, proof of any one of them is sufficient to support the revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

An allegation in a motion to revoke probation need not meet the particulars of an indictment or complaint, *Mitchell v. State*, 608 S.W.2d 226, 228 (Tex.Crim.App.1980), and is sufficient if it gives the person notice to enable him to prepare a defense. *Labelle v. State*, 720 S.W.2d 101, 108 (Tex.Crim.App. 1986). Here the State alleged appellant "failed to report for the month of May 2003 for her intake interview in this case" and "does not reside at 2514 Rochelle Street, Plainview Texas as she reported."

The State's evidence established appellant did report to the community supervision department on her release from jail May 19, 2003. The evidence whether she returned to complete the intake process was disputed. Any variance between the allegation in the State's motion and the proof was slight and fails to present a meritorious issue as to whether it deprived appellant of fair notice of the issues she would be required to defend at a hearing on the State's motion.[1]

---

[1]Appellant did not assert as an affirmative defense the failure of any officer to attempt to contact her in person at the address listed. *See* Tex.Code Crim.Proc. Ann. art. 42.12, § 24 (Vernon pamph. 2004).

With regard to the second violation alleged, the State's evidence showed only there was no answer at one telephone number appellant provided and mail sent to the address was returned unclaimed. There was no evidence of the service address of the telephone number called or that the returned letter showed appellant did not reside at the address to which it was sent. However appellant's own testimony established she did not live at the address she reported during at least some of the probationary period. As the sole trier of fact the trial court was free to determine the credibility of witnesses and resolve conflicts in the evidence. *Id.* The court did not accept appellant's testimony that she was prevented from complying with the conditions of her community supervision by contacting her probation officer. We find no meritorious issue concerning the sufficiency of the evidence supporting the trial court's judgment.

Our review of the record establishes the trial court did not abuse its discretion in revoking appellant's community supervision. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

-6-